■ TOWN OF ROCKLAND, Appellant, v EUSTANCE & HOROWITZ, P. C., Respondent. [727 NYS2d 525] —Mercure, J. P. Appeals (1) from an order of the Supreme Court (Vogt, J.H.O.), entered March 13, 2000 in Sullivan County, upon a decision of the court in favor of defendant, and (2) from the judgment entered thereon.

Defendant, an engineering firm, has maintained a professional relationship with plaintiff since 1970. At issue in this action is defendant's entitlement to payment for certain services rendered from 1989 through 1994. In most cases, the bills and accompanying vouchers for the underlying professional services were approved and, in fact, paid by plaintiff. Plaintiff's present dispute is largely predicated upon its claim that the work was actually performed as part of a fixed-price component of a May 3, 1990 contract (hereinafter the FmHA contract) for engineering services in connection with Farmers Home Administration (hereinafter FmHA) funded improvements to the Roscoe-Rockland Water District, consisting of 4,700 feet of water main, a 500,000 gallon water storage tank and two new wells and pumps. It is defendant's position, however, that the disputed billings are for services performed under an October 18, 1989 oral agreement for well exploration services and also a May 5, 1989 written contract for the provision of engineering services for Department of Housing and Urban Development (hereinafter HUD) financed improvements to the fire protection system of the hamlet of Roscoe in Sullivan County (hereinafter the HUD contract). Notably, plaintiff concedes that all of the work underlying the disputed vouchers was actually

performed and that the charges therefor are reasonable in amount. Essentially adopting defendant's position, Supreme Court rejected plaintiff's claim for recoupment of $36,785 and awarded defendant $37,255 for additional unpaid charges. Plaintiff appeals, and we affirm.

Initially, we reject plaintiff's premise that no work was performed or payment authorized under the HUD contract. The sole support for this unwarranted supposition appears to be the cryptic statement in Supreme Court's written decision that "[n]o work was ever done to advance this project." That language is contained in Supreme Court's statement of facts and, particularly, its explanation that the HUD-financed project to pump water from a nearby creek into the water mains of plaintiff's fire hydrants was subsequently subsumed within the more extensive FmHA project, which not only enhanced plaintiff's firefighting capabilities but provided plaintiff with additional potable drinking water. In fact, Supreme Court upheld the validity of a number of defendant's vouchers for work done under the HUD contract, which were always submitted under the notation "Roscoe Water District Fire Protection System Improvements," and plaintiff points to no trial evidence supporting the contention that the parties had abandoned the HUD contract.

Also unpersuasive is plaintiff's contention that billings rendered for well exploration services were actually part of the FmHA contract, for which defendant was paid in full. Notably, Leon Siegel, plaintiff's supervisor at the time when plaintiff authorized the well exploration services and entered into the FmHA contract, testified at trial that defendant's well exploration activities were not part of the FmHA contract and were contemplated by the parties well before they entered into the FmHA contract. In fact, the evidence shows that work on the well exploration contract was initiated nearly a year before the FmHA contract was signed. In addition, our examination of the HUD contract and the FmHA contract reveals that neither made any provision for well exploration services by defendant and, as noted, the bills submitted for well exploration services contained the notation "Roscoe Water District Well Exploration" and not "Rockland Water District Improvements—FmHA Application," the notation upon bills submitted under the FmHA contract. Finally, notwithstanding defendant's inability to establish the precise terms of the oral well exploration contract, we agree with defendant that Supreme Court had the authority to uphold the payment for those services on a quantum meruit basis.

Plaintiff's additional contentions are either unpreserved or have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, with costs.